**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
THERESE AFDAHL,               :
                              :   CIVIL ACTION NO. 09-1332 (MLC)
     Plaintiff,               :
                              :   MEMORANDUM OPINION
     v.                       :
                              :
DR. FRANK CANCELLIERI, et al.,:
                              :
     Defendants.              :
                              :
```

**COOPER, District Judge**

The plaintiff, Therese Afdahl, brought this action pursuant to 42 U.S.C. § ("Section") 1983 alleging violations of her First Amendment and Eighth Amendment rights. (Dkt. entry no. 1, Compl. at 1.) The Court dismissed the plaintiff's First Amendment claims in March 2009. (Dkt. entry no. 3, 3-31-09 Order.) The Court permitted the plaintiff's Eighth Amendment claims to proceed. (Id.) The defendants, Dr. Frank Cancellieri ("Dr. Cancellieri"), Kiesha Williams ("Williams"), Shelly Wilson-Howard ("Wilson-Howard") and Correctional Medical Services ("CMS") now move to dismiss the Complaint insofar as asserted against them ("First Motion"). (Dkt. entry no. 32, 1st Mot. to Dismiss.) The defendant Dr. Louis Colella ("Dr. Colella") moves separately to dismiss the Complaint insofar as asserted against him ("Second Motion"). (Dkt. entry no. 31, 2nd Mot. to Dismiss.) The plaintiff opposes the First Motion and the Second Motion. (Dkt. entry no. 33, First Pl. Br.; dkt. entry no. 34, Second Pl. Br.)

The Court determines the First Motion and the Second Motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons stated herein, the Court will grant the First Motion to the extent that it concerns the claim brought against CMS, and deny the First Motion to the extent that it concerns the claims brought against Dr. Cancellieri, Williams, and Wilson-Howard.  The Court will grant the Second Motion to the extent that it concerns the claim brought against Dr. Colella in his official capacity, and deny the Second Motion to the extent that it concerns the claim brought against him in his individual capacity and the claim for punitive damages.

## BACKGROUND

The plaintiff is a state prisoner currently incarcerated at Edna Mahan Correctional Facility ("EMCF").  (Compl. at 2.)  The plaintiff alleges that on August 24, 2008, she developed a toothache and submitted a medical/dental request form ("request form").  (Id. at 5.)  She asserts that on August 27, 2008, a medical department nurse saw her, gave her ibuprofen for pain, and informed her that she would be scheduled for a dental appointment.  (Id.)  Dr. Cancellieri and Williams, a dental assistant, saw the plaintiff on August 29, 2008.  (Id.)  The plaintiff asserts that during this visit she was informed that she needed a root canal.  (Id.)  The plaintiff alleges that Dr.

2

Cancellieri prescribed ibuprofen for her pain and asked Williams to reschedule the plaintiff for treatment.  (Id.)

The plaintiff asserts that on September 3, 2008, she submitted a second request form seeking an expedited scheduling of the root canal due to extreme pain.  (Id. at 6.)  The plaintiff claims that on September 4, 2008, she spoke to an administrative assistant at EMCF, who allegedly informed her that she would contact someone in the dental department to attempt to rectify the situation.  (Id.)  The plaintiff alleges that she learned later on this day that Wilson-Howard, the Hospital Services Administrator for CMS, was notified about the plaintiff's "immense" pain and suffering.  (Id.)

The plaintiff asserts that she learned on September 5, 2008 that her root canal would not be scheduled for at least another week and that she would receive no additional ibuprofen until her scheduled appointment.  (Id.)  The plaintiff alleges that she was not called to the dental department until September 8, 2008. (Id.)  She states that on this date she was admonished for submitting a second request form to be seen and was informed that she would be denied ibuprofen following the root canal if she were given ibuprofen during this visit.  (Id. at 6-7.)

The plaintiff alleges that on September 9, 2008, she began to experience abdominal cramps, nausea, and vomiting lasting for several days.  (Id. at 7.)  The plaintiff contends that these

3

symptoms resulted from ingesting ibuprofen over a prolonged
period of time.  (Id.)  The plaintiff also contends that on this
date she saw an attending physician for her regularly scheduled
chronic care treatment and informed him about her ibuprofen
ingestion.  (Id.)  The plaintiff alleges that the physician was
concerned about her ibuprofen intake and prescribed Vicodin.
(Id.)

       The plaintiff contends that she submitted an Inmate
Administrative Remedy Form on September 10, 2008 and wrote a
letter to Dr. Colella, the Chief of Dental Services for the New
Jersey Department of Corrections, regarding her emergency medical
situation.  (Id. at 8.)  She further alleges that she spoke to
Superintendent William Hauck on September 15, 2008, asked for his
assistance in being seen in the dental department, and submitted
another request form.  (Id.)

       The plaintiff contends that Dr. Cancellieri saw her on
September 16, 2008 and performed a partial root canal.  (Id.)
She alleges that Dr. Cancellieri failed to prescribe antibiotics
following this procedure despite an infection in her mouth.
(Id.)  The plaintiff states that Dr. Cancellieri and Williams did
further work on the root canal on October 15, 2008.  (Id.)  She
alleges that during this procedure, Dr. Cancellieri noticed pus
in the infected area and asked her if she had been taking
antibiotics.  (Id. at 9.)  The plaintiff contends that she was

4

not prescribed antibiotics and Dr. Cancellieri failed to prescribe them following this second procedure. (Id.)  She states that Dr. Cancellieri gave her a temporary filling and informed her that she would be rescheduled. (Id.)  The plaintiff alleges that she then wrote another letter to Dr. Colella seeking intervention. (Id.)

The plaintiff contends that she began to experience extreme pain on October 19, 2008 and that her face began to swell the next day. (Id.)  She states that she showed the swelling to a unit officer who contacted the medical department. (Id.)  The plaintiff contends that she was then advised to report to the medical department and given ibuprofen for her pain. (Id.)  The plaintiff states that she submitted another request form on this date. (Id.)

The plaintiff alleges that she went to the medication line nurse on October 21, 2008 to show the nurse her swelling. (Id. at 10.)  She asserts that she was seen by a dentist later that day. (Id.)  She contends that an x-ray showed that a cyst had formed over the infected tooth and she was then prescribed antibiotics. (Id.)  The plaintiff states that she then filed a formal complaint with the New Jersey Board of Dentistry against Dr. Cancellieri and Williams. (Id.)

The plaintiff states that she petitioned the Superior Court of New Jersey on October 27, 2008 seeking emergent relief. (Id.)

She contends that she was called for further work on her tooth on October 30, 2008.  (<u>Id.</u> at 11.)  The plaintiff filed another request form on November 24, 2008 stating that her temporary filling "had mostly come out" while waiting for the completion of her root canal.  (<u>Id.</u>)  She states that she then submitted two inmate remedy forms.  (<u>Id.</u>)  The plaintiff's root canal was ultimately completed on November 26, 2008.  (<u>Id.</u> at 12.)

The plaintiff contends that the defendants' conduct constitute deliberate indifference to her serious medical needs in violation of her Eighth Amendment protection against cruel and unusual punishment.  (<u>Id.</u> at 14-15.)  Specifically, the plaintiff alleges that Dr. Colella and Dr. Cancellieri, Wilson-Howard, and Williams acted with deliberate indifference to her serious medical needs by failing to treat her infected tooth for a prolonged period of time, failing to schedule appointments for her, and failing to act upon information and complaints regarding her pain and suffering.  (<u>Id.</u>)  She further alleges that CMS was deliberately indifferent to her needs by failing to establish a scheduling system ensuring that emergency cases are seen immediately.  (<u>Id.</u> at 15.)

## DISCUSSION

### I.  Motions to Dismiss

#### A.  Motion to Dismiss Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true,

6

construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

**B.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

C.   **Eighth Amendment Claim**

The plaintiff asserts that the defendants' conduct constituted deliberate indifference to her serious medical needs. (Compl. at 15-16.)  "[D]eliberate indifference to serious medical needs of prisoners violates the Eighth Amendment because it constitutes "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993).  To succeed on an Eighth Amendment medical-care claim, it must first be demonstrated that the plaintiff has a serious medical need. <u>Coley v. Sulayman</u>, No. 06-3762, 2007 WL 2306726, at *2 (D.N.J. Aug. 7, 2007).  Serious medical needs are those that have been diagnosed by a physician as requiring treatment or those that are so obvious that a lay person would recognize the necessity for medical attention. <u>See Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

The plaintiff must next demonstrate that the defendant acted with deliberate indifference to the serious medical need. <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires more than mere negligence or lack of due care. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994).  "Mere medical malpractice cannot give rise to a violation of the Eighth Amendment." <u>White v. Napoleon</u>, 897 F.2d 103, 108 (3d Cir. 1990). To demonstrate deliberate indifference, the plaintiff must

demonstrate that the defendant was "subjectively aware of the risk" of harm to the plaintiff.  <u>Farmer</u>, 511 U.S. at 828.  The plaintiff must allege acts or omissions that are sufficiently harmful to offend "evolving standards of decency."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  "Where prison authorities deny reasonable requests for medical treatment . . .  and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest.  Similarly where knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care, the deliberate indifference standard has been met . . . Finally, deliberate indifference is demonstrated [w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."  <u>Monmouth</u>, 834 F.2d at 346.  "[I]f necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out."  <u>Id.</u> (citations omitted).

## II.  Individual Defendants

### A.   CMS

The plaintiff alleges that CMS should be liable for its failure to establish a scheduling system ensuring that emergency cases receive priority.  (Compl. at 15.)  She contends that this

failure constitutes deliberate indifference to her pain and
suffering, thus triggering Eighth Amendment liability.  (Id.)

Respondeat superior cannot be a basis for Section 1983
liability.  See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d
Cir. 1993).  As such, CMS cannot be held liable for the actions
of its employees.  Natale v. Camden County Corr. Facility, 318
F.3d 575, 583 (3d Cir. 2003).  CMS may be held liable, however,
if the plaintiff "provide[s] evidence that there was a relevant
[CMS] policy or custom, and that the policy caused the
constitutional violation" alleged.  Id. at 584 (citations
omitted).  "Policy is made when a decision-maker possessing final
authority to establish . . . policy with respect to the action
issues an official proclamation, policy or edict."  Miller v.
Corr. Med. Sys., 802 F.Supp. 1126, 1132 (D. Del. 1992) (citations
omitted).  "Custom, on the other hand, can be proven by showing
that a given course of conduct, although not specifically
endorsed or authorized by law, is so well-settled and permanent
as virtually to constitute law."  Id. (citations omitted).

CMS contends that the plaintiff failed to allege a custom or
policy that deprived her of her constitutional rights.  (Dkt.
entry no. 32, 1st Mot. Br. at 9.)  The plaintiff asserts that
while CMS has no official policy, the failure to establish a
policy to address the prompt scheduling of emergency dental
treatments constitutes deliberate indifference.  (1st Pl. Br. at

10.)  The plaintiff's additional assertion that there existed an "unwritten policy" permitting a delay between the determination that treatment was necessary and actual treatment is insufficient to demonstrate a policy.  Moreover, any allegation that CMS had a custom permitting long periods of time between treatment and evaluation also fails.  "A custom is an act that has not been formally approved by an appropriate decisionmaker but that is so widespread as to have the force of law."  <u>Natale</u>, 318 F.3d at 584.  Here, the plaintiff only alleges a personal delay in treatment.  This alleged personal deprivation is not sufficient to demonstrate a widespread custom.  The plaintiff has failed to allege a custom or policy on behalf of CMS.  As such, the Court will grant the First Motion to the extent that it concerns any claims asserted against CMS.

**B.   Dr. Cancellieri, Wilson-Howard, and Williams**

Dr. Cancellieri, Wilson-Howard, and Williams contend that the plaintiff has failed to properly allege a violation of her Eighth Amendment rights.  (1st Mot. Br. at 10.) Specifically, they state that the plaintiff fails to properly allege that they acted with deliberate indifference.  (<u>Id.</u> at 11.)  They state that the plaintiff's claim of delayed treatment at most amounts to medical negligence, not deliberate indifference.  (<u>Id.</u>)

11

It is not disputed that the plaintiff's need for a root canal was a serious medical need.  "To survive dismissal, however, [the] plaintiff must also show that the defendant[s] were deliberately indifferent to the [need]. Moore v. Sherer, No. 07-3703, 2007 WL 2572367, at *5 (D.N.J. Sept. 4, 2007). Deliberate indifference can be found where a prison official "delays necessary medical treatment for non-medical reasons." Robinson v. Ricci, No. 08-2023, 2008 WL 5100309, at *8 (D.N.J. Dec. 1, 2008).  "[D]eliberately delaying necessary medical care when the delay causes an increased risk of harm constitutes deliberate indifference that is actionable." McNeill v. Atl. County Jail, No. 06-4979, 2007 WL 1140544, at *3 (D.N.J. Apr. 12, 2007) (citations omitted).  "Where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." Id. (citations omitted).

At the motion to dismiss stage, the Court does not make a judgment about what actually happened, but looks to the sufficiency of the pleadings. Spruill v. Gillis, 372 F.3d 218, 238 (3d Cir. 2004)  The plaintiff alleges that she was first informed of the need for a root canal on August 29, 2008. (Compl. at 5.)  She states that she remained in extreme pain prior to the completion of the root canal in November 2008. (Id.

12

at 6, 9, 10.)  She alleges that she submitted dental requests and informed prison staff of her pain and suffering but her teeth were not treated until September 16, 2008.  (<u>Id.</u> at 8.)  She states that despite her worsening condition and persistent requests, her root canal was not completed until November 26, 2008.  (<u>Id.</u> at 12.)  As pleaded, the plaintiff has alleged a denial of reasonable requests for medical treatment and a delay in treatment resulting in undue suffering.  At this stage, the claims against these defendants are sufficient to proceed, and the First Motion is denied insofar as it concerns Dr. Cancellieri, Wilson-Howard, and Williams.

### C.  Dr. Colella

Dr. Colella serves as the Dental Director of the Health Services Unit at the New Jersey Department of Corrections.  (Dkt. entry no. 31, 2nd Mot. Br. at 3.)  The plaintiff brings this action against Dr. Colella both in his individual and official capacities.  (Compl. at 3.)  She alleges that Dr. Colella failed to act upon her complaints regarding her pain and suffering. (<u>Id.</u> at 15.)

Dr. Colella first asserts that the Complaint insofar as asserted against him must be dismissed because the plaintiff has failed to allege facts sufficient to support a claim that he was deliberately indifferent to her dental needs.  (2nd Mot. Br. at 7.)  The plaintiff contends that she wrote two letters to Dr.

13

Colella seeking intervention in obtaining dental treatment.
(Compl. at 8, 9.)  Dr. Colella asserts that non-medical prison
officials cannot be found liable for deliberate indifference
absent a reason to believe that prison doctors or their
assistants are mistreating a prisoner.  (2nd Mot. Br. at 8.)  The
cases that Dr. Colella cites for this proposition address
situations where non-medical prison officials may avoid liability
when "justified in believing that the prisoner is in capable
[medical] hands."  See e.g., Spruill, 372 F.3d at 236.  Dr.
Colella, in contrast, is not a "non-medical" prison official.  As
such, these cases are not applicable, and the claims against Dr.
Colella cannot be dismissed on this ground.

Dr. Colella also argues that the plaintiff's allegations,
even if taken as true, do not amount to deliberate indifference.
(2nd Mot. Br. at 9.)  Dr. Colella states that the plaintiff's
allegations only allege a possibility that he acted unlawfully
and that the plaintiff received constant care of medical and
dental professionals.  (Id. at 9-10).  This Court, however, finds
that the plaintiff has adequately pleaded her Eighth Amendment
claim, and as such, this claim will not be dismissed on this
ground.

Dr. Colella further asserts that any claim alleged against
him in his official capacity is barred by the Eleventh Amendment
and that he is not a person for Section 1983 purposes.  (Id. at

14

11.)  He alleges that as a state official acting in his official capacity as dental director, he is not a person for purposes of Section 1983 and thus cannot be sued under this statute.  (Id. at 12.)  "As a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment." Holland v. Taylor, 604 F.Supp.2d 692, 699 (D. Del. 2009).  Claims made against prison officials for actions taken in their official capacities are not claims against "persons" for Section 1983 purposes.  Rodriguez v. Hayman, No. 08-4239, 2009 WL 4122251, at *5 (D.N.J. Nov. 23, 2009).  As such, the plaintiff cannot bring this action against Dr. Colella in his official capacity and this claim will be dismissed.

Dr. Colella further contends that the plaintiff's claim for punitive damages must be dismissed because the plaintiff fails to allege any facts that would support such damages.  (2nd Mot. Br. at 14.)  "Punitive damages may be awarded in a [Section 1983] action when the defendant's conduct is shown to have been motivated by evil motive or intent, or when it involves reckless [or] callous indifference to the federally protected rights of others."  Powell v. Symons, No. 07-2225, 2008 WL 4748273, at *3 (M.D. Pa. Oct. 27, 2008).  As the plaintiff has alleged that Dr. Colella has been deliberately indifferent to her serious medical needs, it is inappropriate to dismiss this claim at this juncture.  See Id.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the First Motion to the extent that it concerns the claim brought against CMS only.  The Court will also grant the Second Motion to the extent that it concerns the claim brought against Dr. Colella in his official capacity only.  The Court will issue an appropriate order and judgment.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated:    December 21, 2009

16